# WILMERHALE

July 28, 2022

VIA EMAIL

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Robert J. Gunther, Jr.**

+1 212 230 8830 (t)
+1 212 230 8888 (f)
robert.gunther@wilmerhale.com

**APPLICATION GRANTED
SO ORDERED** [signature]
**VERNON S. BRODERICK
U.S.D.J.**   07/29/22

Defendants are directed to Rule 5.B. of my Individual Rules & Practices in Civil Cases and to meet and confer with Plaintiff as necessary to determine if the motion and accompanying materials can be filed in redacted form on ECF.

Re: *San Rocco Therapeutics, LLC v. Memorial Sloan Kettering Cancer Center, et al.*,
C.A. No. 1:21-cv-08206-VSB

Dear Judge Broderick:

On behalf of the named defendants in the above-referenced action, Memorial Sloan Kettering Cancer Center and Sloan Kettering Institute (collectively, "Sloan Kettering"), I write pursuant to Rule 5(B) of Your Honor's Individual Rules and Practices in Civil Cases to seek leave to file, in redacted form, Sloan Kettering's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint ("Opposition Brief").

Sloan Kettering's Opposition Brief relies in substantial part on a confidential settlement agreement between the parties, which contains proprietary, and sensitive business and competitive information concerning Sloan Kettering's intellectual property, including its relationship with SRT relating thereto.

As shown by the parties' prior submissions under seal in this case, both parties recognize the sensitive nature of such information, and agreed, following the conclusion of extensive litigation between the parties in the Commercial Division of New York State Court, to keep such information, including the existence of the settlement agreement, strictly confidential. *See* First Amended Compl. Ex. C ¶ 11. The Court has previously granted the parties' requests to file the redacted information under seal on multiple occasions.

The public disclosure of the redacted terms of the settlement agreement, which have never been disclosed publicly, would cause significant harm, jeopardize both parties' positioning with respect to intellectual property in the field, and be contrary to public policy favoring freedom to contract and the efficient resolution of disputes. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (reasoning that "there may well be valid reasons" to keep settlement terms confidential, particularly "when the settlement itself was conditioned on confidentiality and when the settlement documents were not filed with the court and were not the basis for the court's adjudication. If nothing else, honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage").

**WILMERHALE**

July 28, 2022
Page 2

  Sloan Kettering believes that filing the identified materials under seal is necessary to restrict the disclosure of the highly sensitive information contained therein. We therefore respectfully request that the Court enter an order permitting the Opposition Brief to be filed in redacted form. We have conferred with counsel for plaintiff SRT, who do not oppose the above request.

Sincerely,

/s/ *Robert J. Gunther, Jr.*
Robert J. Gunther, Jr.

cc: Lenore Horton
 lenore@hortonlegalstrategies.com
 Wanda French-Brown
 wfrenchbrown@loeb.com
 Alexandra Cavazos
 acavazos@loeb.com
 Crystal Law
 crystallaw@loeb.com
 Mary Jean Kim
 mjkim@loeb.com